UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KIM COUGHLIN, MARIE ZWEIG, ANNE
GALLAGHER, DONNA NOYCE, TAYLER
THOMPSON, and NYS COURT EMPLOYEES
AGAINST MANDATES LTD.,

                           *Plaintiffs,*             **DECISION AND ORDER**
                                                              2:22-CV-04002 (FB)(JMW)
      -against-


NEW YORK STATE UNIFIED COURT SYSTEM,
NEW YORK STATE OFFICE OF COURT
ADMINISTRATION, CHIEF JUDGE JANET
DIFIORE, CHIEF ADMINISTRATIVE JUDGE
LAWRENCE K. MARKS, JUSTIN BARRY,
NANCY BARRY and CAROLYN GRIMALDI,

                           Defendants.
----------------------------------------------------------------X

**A P P E A R A N C E S:**

Chad Jackson LaVeglia, Esq.
**Law Office of Chad J. LaVeglia PLLC**
350 Motor Parkway
Suite #308
Hauppauge, NY 11788
631-450-2468

*Attorney for Plaintiffs*

1

Gregory F Laufer, Esq.
**Paul Weiss Rifkind Wharton & Garrison LLP**
1285 Avenue Of The Americas
New York, NY 10019
212-373-3000

*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

  This is the latest in a series of cases challenging COVID vaccination mandates, this time in the context of New York State's court system. Defendants intend to move to dismiss the Complaint (*see* Complaint at DE 1; pre-motion letter at DE 12) in its entirety, and now seek a stay of discovery during the pendency of that motion (DE 11) which, as of yet, has not been filed.

  A request to stay litigation appears to be the antithesis of Rule 1's command that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In fact, some commentators have questioned whether staying discovery in fact stays justice.[1] Accordingly, even when a stay is sought jointly by the parties, the Court must nevertheless undertake an analysis to determine whether one is warranted.

  Before the Court is Defendants' motion to stay discovery pending a decision on their anticipated motion to dismiss the Complaint. (*See* DE 11). The requested stay sought by Defendants is strenuously opposed by Plaintiffs. (DE 11-8.) The arguments in support of the anticipated motion to dismiss are set forth in Defendants' pre-motion letter before the Hon. Frederick Block. (DE 12.)

---

[1] *See, e.g.*, Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 WAKE FOREST L. REV. 71, 72 (2012).

For the reasons that follow, the motion to stay discovery pending the motion to dismiss is granted.

## I.   FACTUAL BACKGROUND

The following facts are taken from the Complaint unless otherwise stated and are assumed true for purposes of this motion.

According to the Complaint, in August 2021, "the cold machinery of the OCA instituted a requirement that all judicial and non-judicial staff get vaccinated." (DE 11-8 at 4). That is, then-Chief Judge Janet DiFiore announced on August 9, 2021 that beginning in September of that year, "unvaccinated court staff were going to be required to undergo weekly COVID-19 testing and daily COVID-19 assessments." (DE 1 at 11) ("Vaccination Policy"). According to Plaintiffs, however, "[b]y the summer of 2021 . . ., the deadly strain had been virtually eliminated. The pandemic had ended." (*Id.* at 7.)

In response to the Vaccination Policy, Plaintiffs—who are former and current Unified Court System ("UCS") employees who have neither gotten vaccinated nor received a medical or religious exemption—commenced this action on July 7, 2022, challenging the authority of Defendants to implement the Vaccination Policy, and assert eight causes of action under the U.S. Constitution and analogous provisions of the New York State Constitution. (*See id.*) The Complaint alleges that Defendants (i) lacked authority to issue the Vaccination Policy; (ii) violated 42 U.S.C. § 1983 because the Vaccination Policy supposedly violates their Due Process and Equal Protection rights; (iii) conspired to violate Plaintiffs' civil rights in violation of 42 U.S.C. § 1985(3); and (iv) breached Plaintiffs' employment contracts.

## II.     STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides the mechanism for protective orders from discovery.  The relevant provision states that,

> [u]pon motion by a party or by the person from whom discovery is sought . . ., the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1)  that the disclosure or discovery not be had . . . .

Fed. R. Civ. P. 26(c).

This power to stay a litigation pending a dispositive motion to dismiss is discretionary, and stems from the Court's inherent authority to exercise control over the discovery process.  *See Hachette Distrib., Inc. v. Hudson County News Co.,* 136 F.R.D.356, 357 (E.D.N.Y. 1991) (Spatt, J.).  Indeed, "'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The filing of a dispositive motion in and of itself does not halt discovery obligations, unlike state court practice.  *Cf.* N.Y. CPLR 3214(b) (discovery automatically stayed pending dispositive motion).  That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion.  *Weitzner v. Sciton, Inc.*, No. CV 2005-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).  In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2)

4

the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

### III.  DISCUSSION

In considering the relative merits of the Complaint for purposes of stay,[2] the burden rests with the party seeking a stay to show the claims lack merit. Here, the Court cannot ignore the various cases brought in both federal and state courts to date by unvaccinated employees against the court system challenging the vaccination policy. (*See* DE 11-2 through 11-7.) In fact, this latest case appears to be the fourth attempt by employees to challenge the Vaccination Policy. None have succeeded to date, not even the one that went up on appeal. *See, e.g.*, *Civ. Serv. Emps. Ass'n, Inc. v. N.Y. State (Unified Court Sys.),* 73 Misc.3d 874, 157 N.Y.S.3d 675 (Sup. Ct. Albany County 2021) (denying petitions and dismissing all attendant temporary injunctions), *aff'd* ___ A.D.2d ___ (3d Dep't Oct. 28, 2021); *Ferrelli v. State of N.Y. Unified Ct. Sys.,* 2022 WL 673863, at *9 (N.D.N.Y. Mar. 7, 2022) (Kahn, J.) (finding COVID vaccination mandates constitutionally valid and denying motion for temporary restraining order and preliminary injunction); *Brignall v. N.Y. State Unified Ct. Sys.,* No. E2022-0241CV (Sup. Ct. Steuben County Apr. 13, 2022) (Article 78 petition dismissed, injunctive relief denied since Vaccination Policy was not arbitrary or capricious and finding that Unified Court System had authority to institute the Policy); *Ferrelli v. State of New York,* No. 031506/2022 (Sup. Ct. Rockland County Aug. 2,

---

[2] This analysis for purposes of whether a stay should issue should not in any way be viewed as prejudging the ultimate merits of the motion to dismiss or its opposition—neither of which has in fact been filed. Rather, in considering the merits of the claims and defenses, the Court considers whether a strong showing has been made by the movant that the claims may lack merit. *See AA Med. P.C. v. Almansoori*, 2022 WL 624627, at *4 (E.D.N.Y. Mar. 3, 2022) (granting stay since "Defendant has made a strong showing that the claims subject to the Rule 12(b)(6) motion may be unmeritorious").

2022) (upholding Vaccination Policy, dismissing employees' Article 78 petition, concluding policy was valid under the First Amendment both facially and as applied to the employees who had applied for religious exemptions and that it did not violate the employees' substantive or procedural due process rights).

Although the forty-page Complaint here (DE 1), takes near acrobatic attempts to distinguish this case from those, the essence of the claims here is not meaningfully different from the earlier challenges elsewhere. And all those attempts have been uniformly unsuccessful. Nothing has been submitted in opposition to the instant application for a stay which would appear to lead to a different result here. Accordingly, Defendants have made a strong showing that the claims may lack merit.

The Court also notes that the breadth of discovery could very well be extensive, protracted and intrusive. The parties will necessarily incur substantial expenses if and/or when discovery is conducted. This is supported by Plaintiffs' very own observation that "the full scope of discovery is not currently ascertainable" but that "Plaintiffs anticipate that the bulk of discovery will center around the fourth cause of action alleging conspiracy." (DE 11-8 at 19.) Discovery centering around an alleged civil rights conspiracy among court officials, including Judges, and the Unified Court System should not be taken lightly. In addition, the Complaint is replete with assertions of purported scientific findings, all of which would likely be the subject of expert discovery. As such, where like here, the claims appear to lack merit and the breadth of discovery is likely extensive, a stay of discovery is both warranted and appropriate.

In sum, Plaintiffs have failed to demonstrate that a stay of discovery, for the purposes of avoiding such expenses during the pendency of the motion to dismiss, would be unfairly prejudicial. *See United States v. County of Nassau,* 188 F.R.D. 188-89 (E.D.N.Y.

1999) (granting a stay of discovery during the pendency of a motion to dismiss where the "interests of fairness, economy, and efficiency ... favor[ed] the issuance of a stay of discovery," and where the plaintiff failed to claim prejudice in the event of a stay).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for a stay of discovery pending resolution of their motion to dismiss is therefore GRANTED.

Dated: Central Islip, New York
October 4, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

7