UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| |
|---|
| KIM COUGHLIN, MARIE ZWEIG, ANNE GALLAGHER, DONNA NOYCE, TAYLER THOMPSON, and NYS COURT EMPLOYEES AGAINST MANDATES LTD,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>NEW YORK STATE UNIFIED COURT SYSTEM, NEW YORK STATE OFFICE OF COURT ADMINISTRATION, CHIEF JUDGE JANET DIFIORE, CHIEF ADMINISTRATIVE JUDGE LAWRENCE K. MARKS, JUSTIN A. BARRY, NANCY BARRY, and CAROLYN GRIMALDI,<br><br>    *Defendants*. |

2:22-CV-04002

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019–6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendants*

Dated:  April 14, 2023

**TABLE OF CONTENTS**

Preliminary statement .................................................................................................................. 1

Argument ...................................................................................................................................... 1

I.   Plaintiff NYS Court Employees Against Mandates LTD lacks Article III standing. .......... 1

II.  The Court lacks subject matter jurisdiction over the Guarantee Clause claim. ................... 2

III. Plaintiffs' claims based on Article III of the New York Constitution fail as a matter of law. ...................................................................................................................... 3

IV.  Plaintiffs either cannot or have not stated a claim under Section 1983. ............................. 5

    A.  Plaintiffs' Section 1983 claims fail because Defendants are improper parties. ............................................................................................................................ 5

    B.  Plaintiffs have failed to allege that the Vaccination Policy violated their rights or is arbirary and capricious under the Due Process Clause. ........................ 6

    C.  Plaintiffs' equal protection claim should be dismissed because there is no suspect class and the Policy easily survives rational basis review. ........................ 8

V.   Plaintiffs' Section 1985(3) claim should be dismissed as it lacks any legal basis. .......... 10

VI.  Plaintiffs' remaining claims should be dismissed............................................................. 10

Conclusion ................................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Abadi* v. *City of New York*,
   2022 WL 347632 (S.D.N.Y. Feb. 4, 2022) ................................................................ 8

*In re Agape Litigation*,
   773 F. Supp. 2d 298 (E.D.N.Y. 2011) ..................................................................... 2

*Andre-Rodney* v. *Hochul*,
   569 F. Supp. 3d 128 (N.D.N.Y. 2021) ..................................................................... 9

*Bimber's Delwood, Inc.* v. *James*,
   496 F. Supp. 3d 760 (W.D.N.Y. 2020) ..................................................................... 7

*Board of Education of City School District of City of New York* v. *N.Y. State*
   *Public Employee Relations Board*,
   75 N.Y.2d 660 (N.Y. 1990) ................................................................................ 4, 5

*Brignall* v. *N.Y.S. Unified Ct. Sys.*,
   No. E2022-0241CV (N.Y. Sup. Ct. Apr. 13, 2022) ................................... 3, 4, 5, 7, 9

*Brown* v. *N.Y. State Unified Ct. Sys.*,
   261 F. Appx. 307 (2d Cir. 2008) ............................................................................. 6

*Chrysafis* v. *James*,
   534 F. Supp. 3d 272 (E.D.N.Y. 2021) ..................................................................... 6

*City of Cleburne, Tex.* v. *Cleburne Living Ctr.*,
   473 U.S. 432 (1985) ............................................................................................... 8

*Clement* v. *Durban*,
   91 N.Y.S.3d 342 (2018) ......................................................................................... 3

*Cramer* v. *Pyzowski*,
   2007 WL 1541393 (E.D.N.Y. May 25, 2007) ......................................................... 6

*Ferrelli* v. *State of New York*,
   No. 031506/2022 (N.Y. Sup. Ct. Aug. 2, 2022) ........................................ 3, 4, 5, 7, 9

*Friends of Falun Gong* v. *Pac. Cultural Enter., Inc.*,
   288 F. Supp. 2d 273 (E.D.N.Y. 2003) ................................................................... 10

*Futia* v. *Westchester Cnty. Bd. of Legislators*,
   852 F. Appx. 30 (2d Cir.), *cert. denied*, 142 S. Ct. 585 (2021) ................................ 2

Page(s)

Cases—continued:

*Gallop* v. *Cheney*,
  642 F.3d 364 (2d Cir. 2011) ..................................................................................10

*Washington* v. *Glucksberg*,
  521 U.S. 702 (1997) ...............................................................................................7

*Jacobson* v. *Massachusetts*,
  197 U.S. 11 (1905) .................................................................................................7

*Largess* v. *Supreme Jud. Ct. for State of Massachusetts*,
  373 F.3d 219 (1st Cir. 2004) ..................................................................................3

*Lewis* v. *Casey*,
  518 U.S. 343 (1996) ...............................................................................................3

*Lewis* v. *Cuomo*,
  575 F. Supp. 3d 386 (W.D.N.Y. 2021) ..................................................................3

*Lippman* v. *Public Employee Relations Board*,
  746 N.Y.S.2d 77 (3d Dept. 2002) .......................................................................4, 5

*Lujan* v. *Defenders of Wildlife*,
  504 U.S. 555 (1992) ...............................................................................................2

*Maniscalco* v. *N.Y.C. Dep't of Educ.*,
  563 F. Supp. 3d 33 (E.D.N.Y. 2021),
  *aff'd*, 2021 WL 4814767 (2d Cir. Oct. 15, 2021) ..................................................9

*Martinez* v. *Cnty. of Suffolk*,
  999 F. Supp. 2d 424 (E.D.N.Y. 2014) .................................................................10

*Mongielo* v. *Hochul*,
  2023 WL 2307887 (W.D.N.Y. Mar. 1, 2023) ........................................................3

*National Federation of Independent Business* v. *Occupational Safety and Health Administration*,
  142 S. Ct. 661 (2022) .............................................................................................5

*Prince* v. *Massachusetts*,
  321 U.S. 158 (1944) ...............................................................................................7

*Rodriguez* v. *New York*,
  644 F. Supp. 2d 168 (E.D.N.Y. 2008) .................................................................10

Page(s)

Cases—continued:

*Rucho* v. *Common Cause*,
   139 S. Ct. 2484 (2019)..................................................................................2

*We The Patriots USA, Inc.* v. *Hochul*,
   17 F.4th 266 (2d Cir. 2021),
   *reaff'd,* 17 F.4th 368 (2d Cir. 2021)............................................................7

*Williams* v. *Marinelli*,
   987 F.3d 188 (2d Cir. 2021)..........................................................................6

*Winston* v. *City of Syracuse*,
   887 F.3d 553 (2d Cir. 2018)..........................................................................9

*Ziglar* v. *Abbasi*,
   137 S. Ct. 1843 (2017)................................................................................10

**CONSTITUTIONAL AND STATUTORY PROVISIONS**

U.S. Const. amend. I ...........................................................................................4

U.S. Const. amend. V ..........................................................................................4

U.S. Const. amend. VI ........................................................................................4

U.S. Const. amend. XI ........................................................................................6

U.S. Const. amend. XIV .....................................................................................4

N.Y. Const. art. III ......................................................................................1, 2, 3

N.Y. Const. art. IV ..........................................................................................3, 4

42 U.S.C. § 1983 ..................................................................................1, 5, 6, 10

42 U.S.C. § 1985 ..................................................................................1, 5, 6, 10

The New York State Unified Court System (the "UCS"), the New York State Office of Court Administration ("OCA"),[1] and former Chief Judge Janet DiFiore, former Chief Administrative Judge Lawrence K. Marks, Justin A. Barry, Nancy Barry, and Carolyn Grimaldi (the "Individual Defendants" and, together with the UCS and OCA, "Defendants") respectfully submit this reply memorandum in further support of their Motion to Dismiss Plaintiffs' Complaint.

## PRELIMINARY STATEMENT

Stripped of their charges of "procedural homicide" and their hyperbolic—and inappropriately incendiary—rhetoric, Plaintiffs have done nothing to justify their request that this Court deny Defendants' motion to dismiss. In fact, Plaintiffs repeatedly concede that dismissal is proper. For instance, they expressly acknowledge that their claims for breach of contract and violation of procedural due process must be dismissed. They also admit, seemingly unwittingly, that their complaint fails to allege that the sole organizational plaintiff—NYS Court Employees Against Mandates LTD—has Article III standing. And they tacitly accept that their Section 1983 claims must be dismissed because those claims have not been brought against the proper defendants. At bottom, Plaintiffs are left defending only their Guarantee Clause claim (which, under Supreme Court precedent, does *not* even provide the basis for a justiciable claim) and their claim that the UCS promulgated the Vaccination Policy in excess of its statutory authority (a question of New York law that courts cross New York State have resolved squarely in the UCS's favor). For all of these reasons and other, this Court should grant Defendants' motion to dismiss.

## ARGUMENT

**I.     NYS Court Employees Against Mandates LTD Lacks Article III Standing.**

As a threshold matter, Plaintiff NYS Court Employees Against Mandates ("NYSCEAM")

---

[1]     References to the UCS in this brief encompass the OCA, its administrative arm, unless otherwise stated.

has not adequately alleged Article III standing. *See* Mot. 11 n.5. It is blackletter law that "standing is to be determined as of the commencement of the suit." *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992). Yet, out of the 356 paragraphs in Plaintiffs' complaint, only one mentions NYSCEAM, and it says nothing about the mission of NYSCEAM, nothing about the identity of its members, and nothing about any injuries NYSCEAM or its members purportedly suffered. *See* Compl. ¶ 15. Indeed, NYSCEAM was not even incorporated until the day Defendants served their motion to dismiss.[2] The two affidavits that Plaintiffs now attach to their opposition—concerning NYSCEAM's purported mission and the alleged injuries suffered by one of its members, *see* Opp. 19—cannot cure the pleading defects in their complaint as to associational or organizational standing. Indeed, "[i]t is well-settled that a plaintiff cannot amend the complaint through briefs and affidavits." *In re Agape Litigation*, 773 F. Supp. 2d 298, 316 (E.D.N.Y. 2011). For all of those reasons, all claims by NYSCEAM should be dismissed for lack of Article III standing.

**II.     The Court Lacks Subject Matter Jurisdiction over the Guarantee Clause Claim.**

Count One should be dismissed because the Guarantee Clause does not provide Plaintiffs with a justiciable claim. *See* Mot. 9. The Supreme Court "has several times concluded . . . that the Guarantee Clause does not provide the basis for a justiciable claim." *Rucho* v. *Common Cause*, 139 S. Ct. 2484, 2506 (2019); *see also Futia* v. *Westchester Cnty. Bd. of Legislators*, 852 F. Appx. 30, 32 (2d Cir.), *cert. denied*, 142 S. Ct. 585 (2021). Although there may be "rare cases in which a Guarantee Clause claim might be justiciable," those do not exist here: Plaintiffs have not identified anything "about the defendants' conduct in this case that is inconsistent with a 'Republican Form of Government,' and the plaintiffs' Guarantee Clause claim does nothing more than ask this

---

[2]  The certificate of incorporation of NYSCEAM, attached to Plaintiffs' opposition as Exhibit 2, was processed by the State of New York on January 18, 2023—over six months *after* the commencement of this litigation, and the same day Defendants shared their motion to dismiss.

2

Court to interfere in an issue entrusted to the other branches of government." *Mongielo* v. *Hochul*, 2023 WL 2307887, at *11 (W.D.N.Y. Mar. 1, 2023) (challenging COVID-19 regulation); *see also Lewis* v. *Cuomo*, 575 F. Supp. 3d 386, 399 (W.D.N.Y. 2021).

The string of Supreme Court decisions that Plaintiffs cite in support of their argument do not hold otherwise. *See* Opp. 12 (citing cases). Indeed, none of those cases "establish[es] that separation-of-powers violations within a state, such as those alleged by the plaintiffs, constitute Guarantee Clause violations." *Largess* v. *Supreme Jud. Ct. for State of Massachusetts*, 373 F.3d 219, 227-228 (1st Cir. 2004). In fact, as the First Circuit made clear in a case on which Plaintiffs themselves rely, "[t]he Supreme Court cases addressing the Guarantee Clause confirm what the plain text of the Clause suggests: most disputes concerning the relationship among a state government's constituent branches do not offend the Constitution's guarantee of a republican form of government." *Id.* In short, Plaintiffs' Guarantee Clause claim should be dismissed.

### III. Plaintiffs' Claims Based on Article III of the New York Constitution Fail as a Matter of Law.

As a matter of law, the UCS was authorized to issue the Policy that Plaintiffs now challenge. *See* Mot. 9-10. And the Policy neither implicates nor violates separation-of-powers principles. *See* Mot. 10-11. Plaintiffs' arguments to the contrary fail.

As multiple courts have correctly recognized, the UCS issued the Policy pursuant to its constitutionally delegated broad supervisory authority under Article IV of the New York Constitution. *See Ferrelli* v. *State of New York*, No. 031506/2022, NYSCEF 74, at 21 (N.Y. Sup. Ct. Aug. 2, 2022) ("*Ferrelli II*") (Coughlin ECF No. 11-7); *Brignall* v. *N.Y.S. Unified Court System*, No. E2022-0241CV, NYSCEF 57, at 5 (N.Y. Sup. Ct. Apr. 13, 2022) (Coughlin ECF No. 11-6). Plaintiffs cannot seriously dispute that there is a fundamental constitutional right of public access to the courts. *See, e.g.*, *Clement* v. *Durban*, 91 N.Y.S.3d 342, 348 (2018); *Lewis* v. *Casey*, 518

3

U.S. 343, 350-351 (1996); U.S. Const. amend. I, V, VI, XIV; N.Y. Const. art. I, VI.  Because the UCS deemed the Policy necessary to achieve its "defining mission" of "provid[ing] an accessible forum to every litigant," *Lippman* v. *Public Employee Relations Board*, 746 N.Y.S.2d 77, 85 (3d Dept. 2002), the UCS unquestionably acted within its authority in implementing the Policy as a "fundamental[] policy decision[]," *Board of Education of City School District of City of New York* v. *N.Y. State Public Employee Relations Board*, 75 N.Y.2d 660, 669 (N.Y. 1990).

Plaintiffs offer no meaningful response to the various court decisions recognizing that UCS has a "constitutionally delegated authority to enact policies that enable it to meet its constitutional obligations of facilitating public access to the courts." *Brignall*, NYSCEF 57, at 4-5; *Ferrelli II*, NYSCEF 74, at 20.  Instead, Plaintiffs argue that those decisions should simply be ignored because of their different procedural posture.  *See* Opp. 8.  Plaintiffs identify no reason why the unanimous and considered judgments of other courts on the precise *legal* question now before this Court— whether the UCS has the authority under New York law to issue the Vaccination Policy—should not be considered highly persuasive.  As recognized in Magistrate Judge Wicks's Decision and Order on the Motion to Stay, *see* ECF No. 13, at 5-6, those New York court decisions, which illustrate the previous unsuccessful attempts at challenging this Policy, squarely answer that legal question in the affirmative.

Nor does the Policy implicate, let alone violate, separation-of-powers principles, as Plaintiffs suggest.  The UCS is a coequal, independent branch with its own inherent and constitutional authority.  *See* N.Y. Const. art. IV, § 28.  And, contrary to Plaintiffs' misstatement, the UCS does not "openly acknowledge" that the OCA's authority, "like [that of] any other administrative agency," is "delegated by the Legislature," or "that the OCA is an administrative agency subject to the same standards as any other agency."  Opp. 16-17.  The OCA is an administrative arm of

4

the UCS, whose authority does not stem from legislative delegation but from the UCS's status as a coequal branch of State government. The Policy on its face thus does not concern or intrude on any other branch of government. Moreover, employers like the UCS are authorized to implement "unilaterally terms and conditions of employment" that "are inherently and fundamentally policy decisions relating to the primary mission of the public employer." *Board of Education*, 75 N.Y.2d at 669. As noted, the UCS acted well within its authority to implement the Vaccination Policy after determining it was necessary to achieve the UCS's "defining mission" of "provid[ing] an accessible forum to every litigant." *Lippman*, 746 N.Y.S.2d at 85; *see also Brignall*, NYSCEF 57, at 5; *Ferrelli II*, NYSCEF 74, at 20-21.

Plaintiffs (at 17-18) rely on *National Federation of Independent Business* v. *Occupational Safety and Health Administration*, 142 S. Ct. 661 (2022), for the proposition that the Policy is "per se unconstitutional" because "COVID-19 is not an occupational hazard specific to the workplace." But the Court there merely addressed the statutory question of whether the Secretary of Labor was authorized to implement a nationwide vaccine mandate, applicable to *all employers* in the United States with over 100 employees, pursuant to its regulatory authority under the Occupational Safety and Health Act. *Id*. at 665. That has nothing to do with a public employer's authority to issue a vaccination requirement for its own workforce under New York law.

**IV.    Plaintiffs Either Cannot or Have Not Stated a Claim under Section 1983.**

    **A.    The Section 1983 Claims Fail Because Defendants Are Improper Parties.**

Despite dedicating an entire page to their extraneous tale of "A Small Town Lawyer and Future Assemblyman Beat the Odds," Opp. 2-3, Plaintiffs make no effort to establish that the named parties are proper defendants under Section 1983, *see* Opp. 24. The only instance in which Plaintiffs squarely address Defendants' argument is to concede that Carolyn Grimaldi

5

is not a proper defendant. *See* Opp. 24 n.12. As Plaintiffs effectively concede through their silence, their Section 1983 claims against all defendants must be dismissed. *See* Mot. 12-13.

In the three lines in their brief on Section 1983, Plaintiffs do not address any of Defendants' three key arguments for why their Section 1983 fail. *See* Opp. 24. *First*, the Section 1983 claims against the UCS and OCA—whether for damages or prospective relief—are barred because those entities are not "persons" within the meaning of the statute. *See Brown* v. *N.Y. State Unified Ct. Sys.*, 261 F. Appx. 307, 307-308 (2d Cir. 2008). *Second*, any Section 1983 claims seeking monetary damages from the Individual Defendants in their official capacities are barred by the Eleventh Amendment. *See Cramer* v. *Pyzowski*, 2007 WL 1541393, at *5 (E.D.N.Y. May 25, 2007). *Third*, Plaintiffs point to no facts alleged in their complaint to establish that Nancy Barry and Justin Barry have a sufficient connection with the enforcement of the Policy. *See, e.g.*, *Chrysafis* v. *James*, 534 F. Supp. 3d 272, 292-293, 298 (E.D.N.Y. 2021). Without such a showing, those Defendants are shielded from suit in their official capacity by the Eleventh Amendment. *See Williams* v. *Marinelli*, 987 F.3d 188, 197 n.13 (2d Cir. 2021).

**B.     Plaintiffs Have Failed to Allege That the Vaccination Policy Violated Their Rights or Is Arbirary and Capricious under the Due Process Clause.**

In any event, Plaintiffs' third and seventh causes of action should be dismissed for an independent reason: Plaintiffs fail to plausibly allege a violation of their substantive due process rights, because Plaintiffs still fail to identify a protected interest, *see* Mot. 14-15, and do not plausibly allege that the Vaccination Policy was arbitrary or irrational, *see* Mot. 15-17.

Plaintiffs now place all of their eggs in one basket by arguing the only protected liberty or property interest at issue here is a right to "control their cellular biology." Opp. 20. That argument has no merit. Plaintiffs do not—and cannot—point to any precedent holding that such a right is a fundamental right. Multiple courts have held there is *not* a fundamental right to refuse vaccination,

6

including COVID-19 vaccination, which Plaintiffs contend alter cellular biology. *See, e.g.*, *We The Patriots USA, Inc.* v. *Hochul*, 17 F.4th 266, 293 (2d Cir. 2021), *reaff'd,* 17 F.4th 368, 370-371 (2d Cir. 2021); *see also Prince* v. *Massachusetts*, 321 U.S. 158, 166-67 (1944); *Jacobson* v. *Massachusetts*, 197 U.S. 11, 25-30 (1905). And to the extent that Plaintiffs ask this Court to recognize the right to control their cellular biology as a matter of first impression, Plaintiffs failed to even acknowledge (let alone apply) that the test for whether a right is a fundamental right under the Due Process Clause is whether that right is "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty." *Washington* v. *Glucksberg* , 521 U.S. 702, 720-721 (1997).

Regardless, Plaintiffs also failed to allege facts capable of showing that the Policy is "arbitrary, conscience-shocking, or oppressive in the constitutional sense." *Bimber's Delwood, Inc.* v. *James*, 496 F. Supp. 3d 760, 781 (W.D.N.Y. 2020) (quoting *Kaluczky* v. *City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995)). As much as Plaintiffs attempt to make this case about the efficacy of COVID-19 vaccination, *see* Opp. 21, Plaintiffs cannot demonstrate that the Policy is arbitrary and irrational simply because they disagree with its measures. *See Bimber's Delwood, Inc.*, 496 F. Supp. 3d at 781. Plaintiffs, for instance, do not plausibly allege that the Policy was not based on "scientific and medical information in an effort to protect the public health safety against a novel, society-threatening virus." *Id.* And while Plaintiffs claim the UCS has "absolutely no interest in safeguarding the public against disease," this statement is facially implausible as it is entirely at odds with what multiple other courts have found, *see Ferrelli II*, NYSCEF 74, at 12 (finding the UCS has a legitimate interest in "[p]reventing the spread of the novel and potentially fatal COVID-19 virus, both to protect the general public and to help facilitate the safe re-opening of public courthouses"); *Brignall*, NYSC3F 57, at 14 (finding the UCS has a legitimate interest in

"protecting the safety and health of UCS employees and the public, as well as maintaining an accessible forum for the administration of justice").

In short, the UCS enacted the Vaccination Policy under the guidance of public health authorities, with the goal of providing a court system that is safe and accessible to the public. And the Policy applied equally to *all* UCS employees. Simply put, no part of the Policy or its implementation is "arbitrary, conscience-shocking, or oppressive."

### C. Plaintiffs' Equal Protection Claim Should Be Dismissed Because There is No Suspect Class and the Policy Easily Survives Rational Basis Review.

Plaintiffs' eighth cause of action should also be dismissed for an independent reason: Plaintiffs did not allege that the Policy burdens a fundamental right or targets a suspect class. *See* Mot. 19-23. Under rational basis review, Plaintiffs offer no meritorious argument for how their claim could survive dismissal.

Plaintiffs' say-so does not trigger strict scrutiny. *See* Opp. 13-14. Plaintiffs have not identified any basis in their allegations to justify application of heightened scrutiny. For the first time in opposing Defendants' motion to dismiss, Plaintiffs appear to advance a theory of "selective enforcement." Opp. 14. But even if Plaintiffs new theory were properly before the Court (it is not), neither classification identified by Plaintiffs—vaccination or employment status—is recognized as a suspect classification that would trigger strict scrutiny. *See City of Cleburne, Tex.* v. *Cleburne Living Ctr.*, 473 U.S. 432, 440-441 (1985). Ultimately, rational basis review applies.

The Policy is supported by a rational basis. As other courts upholding vaccination requirements under the Equal Protection Clause have held, "the distinction [the Policy] draw[s] between vaccinated and non-vaccinated persons has an amply rational basis." *Abadi* v. *City of New York*, 2022 WL 347632, at *9 (S.D.N.Y. Feb. 4, 2022). Consistent with public health guidance in 2021, in fact, the Policy recognized that vaccinated individuals have a lower risk of becoming infected

8

with COVID-19 or transmitting the virus to others compared with unvaccinated individuals. The Policy rationally protected UCS employees and members of the public, particularly those with preexisting conditions.

Plaintiffs appear to operate under the misconception that this Court may not dismiss their complaint because they carefully avoided pleading any rational basis behind the Policy. *See* Opp. 13. But it is Plaintiffs' burden to "negate[] every conceivable basis which might support the Vaccine Mandate." *Andre-Rodney* v. *Hochul*, 569 F. Supp. 3d 128, 135-37 (N.D.N.Y. 2021) (quoting *Lehnhausen* v. *Lake Shore Auto Parts Co.*, 410 U.S. 356, 93 S. Ct. 1001, 35 L. Ed. 2d 351 (1973) (motion to dismiss)). Under rational basis review, in other words, a challenged policy is presumptively constitutional and "will ordinarily survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose." *Maniscalco* v. *N.Y.C. Dep't of Educ.*, 563 F. Supp. 3d 33, 41 (E.D.N.Y. 2021), *aff'd*, 2021 WL 4814767 (2d Cir. Oct. 15, 2021). Here, Plaintiffs cannot plausibly allege (nor did they try) that there is no "reasonably conceivable state of facts that that could provide a rational basis for the classification[s]" the Policy makes between vaccinated versus unvaccinated individuals and/or UCS employees versus non-employees. *Winston* v. *City of Syracuse*, 887 F.3d 553, 561 (2d Cir. 2018) (quoting *FCC* v. *Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).

The Policy is rationally related to serving the legitimate goals of stemming the spread of COVID-19 in the court system and ensuring the UCS meets its constitutional "obligation to provide safe access to justice for everyone." *Ferrelli II*, NYSCEF 74, at 20. As other courts held when evaluating the Policy at issue here, "[p]reventing the spread of the novel and potentially fatal COVID-19 virus, both to protect the general public and to help facilitate the safe re-opening of public courthouses, is rationally related to the requirement that all UCS employees receive the

9

vaccination." *Id*. at 12; *see also Brignall*, NYSCEF 57, at 22 (holding "the Vaccination Policy has a rational relation to the legitimate goal of curbing COVID-19 in UCS facilities"). In short, Plaintiffs fail to plausibly allege a Section 1983 claim for violation of the Equal Protection Clause.

## V.    Plaintiffs' Section 1985(3) Claim Should Be Dismissed for Lack of Any Legal Basis.

Plaintiffs' Section 1985(3) claim fails as a matter of law for four reasons. *See* Mot. 23-24. *First*, courts generally reject claims alleging a conspiracy among employees with a common employer because "officers, agents, and employees of a single corporate or public entity, each acting within the scope of [their] employment, are legally incapable of conspiring with each other." *Rodriguez* v. *New York*, 644 F. Supp. 2d 168, 200 (E.D.N.Y. 2008) (citation omitted). *Second*, beyond "conclusory, vague, or general allegations," which "cannot withstand a motion to dismiss," *Gallop* v. *Cheney*, 642 F.3d 364, 369 (2d Cir. 2011), Plaintiffs did not plausibly allege that Defendants committed any act in furtherance of the conspiracy that deprives them of any rights, *see Martinez* v. *Cnty. of Suffolk*, 999 F. Supp. 2d 424, 431 (E.D.N.Y. 2014). *Third*, the Complaint fails to allege a "predicate constitutional right" that the Policy violates. *See Friends of Falun Gong* v. *Pac. Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003). *Fourth*, and in any event, even if Plaintiffs adequately alleged a conspiracy under Section 1985(3), Plaintiffs have not alleged any violation of clearly established law is fatal sufficient to defeat a qualified-immunity defense. *See Ziglar* v. *Abbasi*, 137 S. Ct. 1843, 1866 (2017).

## VI.    Plaintiffs' Remaining Claims Should Be Dismissed.

Plaintiffs abandoned their breach of contract claim and their procedural due process claim. *See* Opp. 24 n.12. Accordingly, this Court should dismiss those claims with prejudice.

## CONCLUSION

The Court should grant Defendants' motion to dismiss Plaintiffs' complaint with prejudice.

| | |
|---|---|
| Dated: April 14, 2023<br>New York, New York | Respectfully submitted,<br><br>By: */s/ Gregory F. Laufer*<br>    Gregory F. Laufer<br><br>Bruce Birenboim<br>Liza M. Velazquez<br>Gregory F. Laufer<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Phone: (212) 373-3000<br>bbirenboim@paulweiss.com<br>lvelazquez@paulweiss.com<br>glaufer@paulweiss.com<br><br>Lina Dagnew<br>2001 K Street, NW<br>Phone: (202) 223-7455<br>Fax: (202) 330-5027<br>Washington D.C., 20006<br>ldagnew@paulweiss.com<br><br>*Attorneys for Defendants New York State Unified Court System, New York State Office of Court Administration, Chief Judge Janet DiFiore, Chief Administrative Judge Lawrence K. Marks, Justin A. Barry, Nancy Barry, and Carolyn Grimaldi* |